**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

JOHN RAYMOND,                                Civil No. 06-946 (JRT/SRN)

                Petitioner,

v.                                         **ORDER ADOPTING REPORT AND RECOMMENDATION**

CAROL HOLINKA, Warden,

                Respondent.

---

John Raymond, #04230-196, FCI – Waseca, P.O. Box 1731, Waseca, MN 56093, petitioner pro se.

James E. Lackner, OFFICE OF THE UNITED STATES ATTORNEY, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for respondent.

Petitioner John Raymond ("Raymond"), a federal prisoner incarcerated at the Federal Correctional Institution in Waseca, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2241. In a Report and Recommendation dated March 8, 2006, United States Magistrate Judge Susan R. Nelson recommended denying Raymond's petition. Currently before the Court is petitioner's objection to the Magistrate Judge's Report and Recommendation. The Court has conducted a *de novo* review of petitioner's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons set forth below, the Court overrules petitioner's objection and adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

In 1997, petitioner was convicted in the United States District Court for the Central District of California on charges involving "Interstate Travel and Use of Interstate Commerce Facility in the Commission of Murder-for-Hire." He is presently serving his sentence at the Federal Correctional Institution in Waseca, Minnesota. Petitioner's conviction and sentence were upheld on direct appeal. *United States v. Raymond*, 10 Fed. Appx. 513 (9th Cir. 2001). Petitioner subsequently challenged his conviction and sentence by filing a motion in the trial court under 28 U.S.C. § 2255, but that motion was denied. He tried to appeal that ruling, but he was unable to secure a certificate of appealability.

## ANALYSIS

The Rules Governing Section 2254 Cases may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, 2002 WL 31045849, at *2 (D. Minn. Sept. 10, 2002); *Ortega v. Turner*, 991 F.2d 799 (7th Cir. 1993); *Bostic v. Carlson*, 884 F.2d 1267, 1270, n. 1 (9th Cir. 1989). The Magistrate Judge properly applied The Rules Governing Section 2254 Cases to the petition.

Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." The Magistrate Judge correctly determined that petitioner is not entitled to relief in this Court.

A federal prisoner challenging a conviction must file the motion in the sentencing court under 28 U.S.C. § 2255. *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). The only exception to this "exclusive remedy" rule is that a federal prisoner may challenge the imposition of his sentence under 28 U.S.C. § 2241 if he can demonstrate that the § 2255 remedy "is inadequate or ineffective to test the legality of his detention." *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The § 2255 remedy is not inadequate or ineffective "merely because § 2255 relief has already been denied, . . . or because petitioner has been denied permission to file a second or successive § 2255 motion, . . . or because a second or successive § 2255 motion has been dismissed, . . . or because petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* (internal citations omitted).

Here, petitioner seeks habeas relief based on his claims that he was denied his Sixth Amendment constitutional rights at his criminal trial and at sentencing. However, petitioner had the opportunity to, and did in fact raise, these claims in his initial § 2255 motion. The fact that petitioner's § 2255 motion was denied does not render the § 2255 remedy "inadequate or ineffective." Petitioner has not offered any other reason or explanation why a § 2255 motion would be "inadequate or ineffective." As a result, the Court holds that petitioner may not seek habeas corpus relief under § 2241.

A court may, in certain instances, simply construe a § 2241 petition barred by the exclusive remedy rule as a § 2255 motion. In this case, however, it would be futile to construe the petition as a § 2255 motion, because he has already sought such relief once before. Any new request for § 2255 relief that might now come before the trial court

3

would have to be treated as a "second or successive" § 2255 motion, which could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where petitioner was convicted.  *See* 28 U.S.C. §§ 2244(b)(3); 2255. Petitioner has not received prior approval from the Ninth Circuit to bring a second or successive habeas petition.

# ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 3].  Accordingly, **IT IS HEREBY ORDERED** that petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 25, 2006                              s/John R. Tunheim
at Minneapolis, Minnesota.                       JOHN R. TUNHEIM
                                                United States District Judge